UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEODRON LTD., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, <br><br><br><br> Defendants. | Case No.  6:19-cv-398 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility LLC (collectively, "Defendants"):

**INTRODUCTION**

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 8,102,286 ("'286 Patent"); 8,451,237 ("'237 Patent"); and 8,502,547 ("'547 Patent") (collectively, the "Asserted Patents").

2. Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets, and

1

notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3. But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4. Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5. These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and

millions of dollars in U.S. investments to develop, and which are infringed by Defendants' accused products.

## PARTIES

6. Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Unit 4-5, Burton Hall Road, Sandyford, Dublin 18, D18a094. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7. On information and belief, Defendant Lenovo Group Ltd. is organized under the laws of the People's Republic of China, with its principal place of business is at 6 Chuang ye Road, Haidian District, Beijing 100085, China.

8. On information and belief, Defendant Lenovo (United States) Inc., a wholly-owned subsidiary of Lenovo Group Ltd., is a corporation organized under the laws of the State of Delaware, with principal place of business at 1009 Think Place, Building One, Morrisville, North Carolina 27560.

9. On information and belief, Defendant Motorola Mobility LLC is a Delaware limited liability company with its principal office located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would

not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas, and upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. On information and belief, Defendants have a regular and established place of business in the District, including multiple service centers in Austin and San Antonio, Texas, and Defendants employ employees and advertise jobs in this District.[1]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,102,286

13. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,102,286, entitled "Capacitive Keyboard with Non-Locking Reduced Keying Ambiguity." The '286 Patent was duly and legally issued by the United States Patent and Trademark Office on January 24, 2012. A true and correct copy of the '286 Patent is attached as Exhibit 1.

---

[1] *See, e.g.*, https://www.service-center-locator.com/lenovo/texas/lenovo-austin-texas.htm; https://lenovocareers.com/areas-mobile.html. Motorola Mobility LLC is a subsidiary of Lenovo Group Ltd.

15. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730 and Motorola Moto G6, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '286 Patent.

16. Defendants also knowingly and intentionally induce infringement of claims 1-24 of the '286 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '286 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '286 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '286 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '286 Patent, thereby specifically intending for and inducing their customers to infringe the '286 Patent through the customers' normal and customary use of the Accused Products.

17. The Accused Products satisfy all claim limitations of claims 1-24 of the '286 Patent. A claim chart comparing independent claim 1 of the '286 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 2.

18. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '286 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Defendants' infringement of the '286 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

20. Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '286 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,451,237

21. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,451,237, entitled "Sensitivity Control as a Function of Touch Shape." The '237 Patent was duly and legally issued by the United States Patent and Trademark Office on May 28, 2013. A true and correct copy of the '237 Patent is attached as Exhibit 3.

23. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Thinkpad X1 Yoga, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '237 Patent.

24. Defendants also knowingly and intentionally induce infringement of claims 1-24 of the '237 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '237 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '237 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe

the '237 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '237 Patent, thereby specifically intending for and inducing their customers to infringe the '237 Patent through the customers' normal and customary use of the Accused Products.

25. The Accused Products satisfy all claim limitations of claims 1-24 of the '237 Patent. A claim chart comparing independent claim 16 of the '237 Patent to a representative Accused Product, the Lenovo Thinkpad X1 Yoga, is attached as Exhibit 4.

26. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '237 Patent pursuant to 35 U.S.C. § 271.

27. As a result of Defendants' infringement of the '237 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

28. Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '237 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,502,547

29. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,502,547, entitled "Capacitive Sensor." The '547 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2013. A true and correct copy of the '547 Patent is attached as Exhibit 5.

31.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730 and Motorola Moto G6, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-17 of the '547 Patent.

32.     Defendants also knowingly and intentionally induce infringement of claims 1-17 of the '547 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '547 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '547 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through their user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '547 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '547 Patent, thereby specifically intending for and inducing their customers to infringe the '547 Patent through the customers' normal and customary use of the Accused Products.

33.     The Accused Products satisfy all claim limitations of claims 1-17 of the '547 Patent. A claim chart comparing independent claim 1 of the '547 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 6.

34. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '547 Patent pursuant to 35 U.S.C. § 271.

35. As a result of Defendants' infringement of the '547 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

36. Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '547 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Neodron respectfully requests that this Court enter:

a. A judgment in favor of Neodron that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '286 Patent, the '237 Patent, and the '547 Patent;

b. A permanent injunction prohibiting Defendants from further acts of infringement of the '286 Patent, the '237 Patent, and the '547 Patent;

c. A judgment and order requiring Defendants to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '286 Patent, the '237 Patent, and the '547 Patent; and

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Defendants; and

  f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

<u><b>DEMAND FOR JURY TRIAL</b></u>

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 28, 2019        Respectfully submitted,

                  */s/ Reza Mirzaie*

                  Reza Mirzaie (CA SBN 246953)
                  rmirzaie @ raklaw.com
                  Philip X. Wang (CA SBN 262239)
                  pwang@raklaw.com
                  RUSS AUGUST & KABAT
                  12424 Wilshire Blvd. 12th Floor
                  Los Angeles, CA 90025
                  Phone: (310) 826-7474
                  Fax: (310) 826-6991

                  ***Attorneys for Plaintiff Neodron Ltd.***